# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-21-00369-CV

### In the Matter of B. D. P.

---

### FROM THE 391ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. D-19-0013-J, THE HONORABLE BRAD GOODWIN, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

B.D.P., a juvenile, appeals from the juvenile court's order committing him to the Institutional Division of the Texas Juvenile Justice Department. *See* Tex. Fam. Code § 56.01(h). On appeal, B.D.P. argues that the court erred by failing to conduct a jury trial at the hearing that resulted in his commitment. Because B.D.P. waived his right to a jury trial at his adjudication hearing and a jury trial is not required at a hearing to modify disposition, we will affirm the juvenile court's order.

### DISCUSSION

On February 13, 2020, the juvenile court held a hearing on the State's petition to adjudicate B.D.P. as having engaged in delinquent conduct. Before the hearing, B.D.P. signed an "explanation and admonishments of rights, waivers, stipulation of evidence, and judicial confession on adjudication hearing," in which he waived, among other things, his right to a jury trial. At the conclusion of the hearing, the court adjudicated B.D.P. as having engaged in delinquent conduct by committing the offenses of aggravated assault with a deadly weapon, a

felony, and assault causing bodily injury, a misdemeanor. *See* Tex. Penal Code §§ 22.01(a)(1), .02(a)(2). Following a separate hearing, the court placed B.D.P. on formal probation, allowing him to remain in his mother's custody, subject to certain conditions, including that he "[c]ommit no offense against the laws of the state of Texas, the United States, or any other state law or municipal ordinance."

The State subsequently filed a petition to modify the disposition, alleging that B.D.P. committed several offenses in violation of the terms and conditions of his probation. In its petition, the State asked the juvenile court to revoke B.D.P.'s probation and issue an order of commitment. On May 20, 2021, the court conducted a hearing on the State's petition, at which B.D.P. pleaded "true" to five offenses, in violation of his probation. At the conclusion of the hearing, the court committed B.D.P. to the Institutional Division of the Texas Juvenile Justice Department for an indeterminate sentence until his nineteenth birthday.

On appeal, B.D.P. asserts that the juvenile court erred in failing to hold a jury trial at the May 2021 hearing, which he contends was required under the Texas Family Code. Under the Family Code, there are three distinct potential stages of a juvenile proceeding: (1) the adjudication hearing; (2) the disposition Hearing; and (3) if necessary, the hearing to modify disposition. *See* Tex. Fam. Code § 54.03, .04, .05. Within each stage, the legislature has established different rules. *In re J.P.*, 136 S.W.3d 629, 630 (Tex. 2004).

B.D.P.'s assertion that the juvenile court was required to conduct a jury trial presumes that the May 2021 hearing functioned as an adjudication hearing. Adjudication hearings are governed by Section 54.03 of the Family Code. Tex. Fam. Code § 54.03. When an adjudication hearing is conducted in accordance with Section 54.03, "[a] child may be found to have engaged in delinquent conduct or conduct indicating a need for supervision." *Id.*

2

§ 54.03(a). An adjudication hearing is similar in many respects to a criminal trial, including "the right to a jury trial, the right to remain silent, and the right to exclude evidence inadmissible under the rules governing criminal proceedings." *In re J.P.*, 136 S.W.3d at 630. In addition, Section 54.03 states that "trial shall be by jury unless jury is waived in accordance with Section 51.09." Tex. Fam. Code § 54.03(c).

Upon review of the record, we conclude that B.D.P.'s characterization of the May 2021 hearing as an adjudication hearing is incorrect. The record shows that B.D.P.'s adjudication hearing took place in February 2020, when he was found to have engaged in delinquent conduct. In contrast, the purpose of the May 2021 hearing was to determine whether B.D.P. had violated the terms of his probation and, as a result, whether the original disposition in the case should be modified. *See id.* § 54.05(f) (providing, in relevant part, that certain dispositions may be modified "so as to commit the child the Texas Juvenile Justice Department"). Modification of a juvenile disposition is governed by Section 54.05 of the Texas Family Code. *Id.* § 54.05. Under subsection (c), "[t]here is no right to a jury at a hearing to modify disposition." *Id.* § 54.05(c); *In re J.P.*, 136 S.W.3d at 630. Because the May 2021 hearing was a modification hearing, B.D.P. did not have a right to a jury trial at this hearing. We overrule B.D.P.'s only issue on appeal.

## CONCLUSION

We affirm the juvenile court's order of commitment.

3

_____

Chari L. Kelly, Justice

Chief Justice Byrne, Justices Kelly and Smith

Affirmed

Filed:   July 28, 2022